UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MALGORZATA GUBALA,

           Plaintiff,

       -against-

DANUTA STAPOROWSKI; DELTA REALTY;
DARIUSZ KONEFAL,

           Defendants.
-----------------------------------------------------------------x

**MEMORANDUM & ORDER**
06-CV-5776 (ENV)

VITALIANO, U.S.D.J.

Plaintiff Malgorzata Gubala, a resident of New York, brings this action *pro se* pursuant to 28 U.S.C. §§ 1331 and 1332 and 42 U.S.C. §§ 1983, 1985, alleging that defendants, all residents of New York, violated her federal civil rights. Plaintiff has paid the requisite filing fee to bring this action. For the reasons discussed below, the complaint is dismissed.

## BACKGROUND

Plaintiff's allegations against defendants stem from the acquisition of real property located in Florida. Plaintiff alleges that defendants

> engaged in a systemic practice of fraud in altering official state documents and business records, omitting the plaintiff's name as a party in interest and ownership of set property and altering official state documents and banking records transferring the full and complete ownership of the property (Real Estate) which is located within the State of Florida to the name and full ownership right of defendant Dariusz Konefal.

Compl. at 4. Plaintiff seeks $4 million in damages.

## DISCUSSION

In reviewing plaintiff's complaint, the Court is mindful that because plaintiff is

1

proceeding *pro se* her submission should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980); accord Lerman v. Bd. of Elections, 232 F.3d 135, 140 (2d Cir. 2000); McEachin v. McGuinnis, 357 F.3d 197 (2d Cir. 2004). However, a plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000) (citing Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986)); Lehman v. Discovery Communications, Inc., 217 F.Supp.2d 342, 347 (E.D.N.Y. 2002) (*pro se* status does not exempt party from compliance with relevant rules of procedural and substantive law).

The subject matter jurisdiction of the federal courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented (28 U.S.C. §1331) or plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000 (28 U.S.C. § 1332). "In our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meridan Square, Inc. 30 F.3d 298 (2d Cir. 1994) (quoting Manway Constr. Co. v. Housing Authority of City of Hartford, 711 F.2d 501,503 (2d Cir. 1983)). Moreover, "[w]here jurisdiction is lacking . . . dismissal is mandatory." Id.; see also Fed. R. Civ. P. 12 (h)(3).

Here, it is clear that there is no basis for subject matter jurisdiction. Federal jurisdiction is not available under 28 U.S.C. § 1331, as plaintiff's claims pertain to a private dispute concerning real property located in Florida and does not present a federal question. Plaintiff's

attempt to re-cloak this private dispute as a civil rights claim pursuant to 42 U.S.C. §§ 1983 and 1985 is unavailing. Anderson v. Bowen, 881 F.2d 1, 5 n.10 (2d Cir. 1989) (where the constitutional claim appears to be nothing more than a state court claim recloaked in constitutional garb, the constitutional claim is insufficient to confer jurisdiction). Similarly, federal jurisdiction is not available under 28 U.S.C. § 1332. Handelsman v. Bedford Vill. Assocs., 213 F.3d 48, 51 (2d Cir. 2000) ("Diversity jurisdiction requires that all of the adverse parties in a suit ... be completely diverse with regard to citizenship.") (internal quotation marks and citations omitted). Thus, although this Court is sympathetic to plaintiff's situation, plaintiff's recourse is through the state court system.

## CONCLUSION

Accordingly, the complaint is dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12 (h)(3); Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 364 (2d Cir.2000) (per curiam). Although plaintiff paid the filing fee to bring this action, if she requests *in forma pauperis* status for any appeal, the Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
NOV 1 4 2006

ERIC N. VITALIANO
United States District Judge